**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION**

| | |
|---|---|
| **LORINZO SAMPSON,** | ) |
| **Plaintiff** | ) CASE NO. 1:20-CV-741 |
| v. | ) JUDGE DAN A. POLSTER |
| | ) **OPINION AND ORDER** |
| **CITY OF CLEVELAND, et al.,** | ) |
| **Defendants.** | ) |

Before the Court is Defendant City of Cleveland's motion for judgment on the pleadings as to Counts III (malicious prosecution), IV (customs and policies), and XI (retaliatory arrest). **Doc #: 32**. Having reviewed the pleadings and arguments in this matter, the City's motion is **GRANTED**.

**I.  Background**[1]

On December 22, 2018, Plaintiff Lorinzo Sampson was drinking a non-alcoholic beverage on his uncle's driveway at a Christmas party when he was approached by Donald Horvat, a Cleveland Police Officer, and a member of the Neighborhood Impact and Community Engagement Team. Horvat issued Sampson an open-container citation which Sampson refused to sign, because he was holding a non-alcoholic beverage. Sampson, who thought he was being racially profiled,

---

[1] The Court must take all properly alleged facts as true construing them in the light most favorable to the plaintiff. *See infra* at 3.

1

asked to speak with Horvat's supervisor. Horvat responded that Sampson had a right to speak with his supervisor, but he would have to be taken downtown to submit his complaint in person. Sampson agreed to this condition, got in the backseat of Horvat's vehicle unrestrained and without handcuffs, and was transported to the Justice Center to submit his complaint in person.

Upon arriving at the Justice Center, Sampson was placed in handcuffs and had his fingerprints taken. Several verbal insults were hurled at Sampson by Horvat and named and unnamed County Corrections Officers, including members of the Special Response Team. Further, Sampson suffered injuries as a result of being slammed to the floor, stomped on, and beaten with a pepper spray can. Doc #: 20 at 5. He was then restrained to a chair in a cold, isolated jail cell for twelve hours without adequate clothing, food, water, an inhaler to soothe his asthma, or restroom access. Doc #: 20 at 6. As a result of this treatment, Sampson was diagnosed with post-traumatic stress disorder and continues to suffer debilitating physical and mental conditions following the aftermath of the December 22 encounter. Doc #: 27 at 2. Further, Sampson's injuries are so severe that he is now receiving disability and can no longer maintain employment. Doc #: 27 at 3.

On October 8, 2020, the City filed a motion for judgment on the pleadings as to Count III, Counts IV and XI. Doc #: 32. Sampson filed a response, Doc #: 46, and the City filed a reply, Doc #: 47.

## II. Standard of Review

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same standard that is used to address a motion to dismiss under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir.

2007). A 12(b)(6) motion tests the sufficiency of the complaint. *Gardner v. Quicken Loans, Inc.*, 567 Fed.Appx. 362, 364 (6th Cir. 2014). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "All well-pleaded material allegations of the pleadings of the opposing party must be taken as true." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal quotation marks and citation omitted). Simply reciting the elements of a cause of action does not suffice. *Iqbal*, 556 U.S. at 678.

**III.    Law**

To prevail on a *Monell* claim, the plaintiff must show (1) the existence of a clear and persistent pattern of illegal activity, (2) notice or constructive notice on the part of the defendant, (3) the defendant's tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction, and (4) that the defendant's custom was the "moving force" or direct causal link in the constitutional deprivation. *Kalvitz v. Cleveland*, N.D. Ohio No. 1:16-CV-748, 2017 U.S. Dist. LEXIS 217570, at *23, citing *Thomas v. Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Local governments are generally not liable under 42 U.S.C. 1983 for injuries caused by their employees or agents pursuant the theory of *respondeat superior*. *Miller v. Shaker Hts*., N.D. Ohio No. 1:19-CV-1080, 438 F. Supp. 3d 829,

2020 U.S. Dist. LEXIS 19200 (Feb. 5, 2020), *citing Monell v. New York Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

### IV. Analysis

#### A. Count III

As to the claim against the City for malicious prosecution under § 1983, Count III alleges in its entirety:

132. Plaintiff was charged with one count of open container, prohibited and a second count of disorderly conduct in the Cleveland Municipal Court.

133. <u>The Defendants City of Cleveland and its police officer employee Defendant Horvat knowingly, intentionally, and deliberately made, influenced, and/or participated in the decision to prosecute Plaintiff.</u>

134. There was a complete lack of probable cause for Plaintiffs criminal prosecution.

135. As a consequence of the legal proceeding against Plaintiff, Plaintiff suffered a deprivation of liberty apart from the initial seizure on December 22, 2018.

136. Specifically, Plaintiff was forced to spend a day in a cold isolated jail cell restrained to a chair without medical treatment, food, water or clothing on December 22, 2018 and was further required to attend all criminal court proceedings including trial until Plaintiff was found not guilty on March 20, 2018.

137. <u>As a direct and proximate result of Defendants' unlawful actions</u>, Plaintiff has suffered damages in an amount to be determined at trial.

SAC at 24-25 (emphasis added). That's it. Sampson has failed to show a clear and persistent pattern of illegal activity on the part of the City, constructive notice of alleged unconstitutional conduct on the part of the City, tacit approval of the alleged unconstitutional conduct by the City, or that the City's custom was the moving force behind the alleged unconstitutional deprivation. *Kolvit*, 2017 U.S. Dist. LEXIS 217570, at 23. And Sampson cannot show that the City is vicariously liable for Horvat's alleged malicious prosecution. *Miller*, 2020 U.S. Dist. LEXIS 19200, at 29.

### B. Count IV

In Count IV, Sampson alleges a *Monell* claim against the City *and* the County entitled "Violation of 42 U.S.C. § 1983 Customs and Policies Causing Constitutional Violations and Ratification." Therein, Sampson asserts, "upon information and belief," the following allegations which are lacking in detail to state a *Monell* claim against the City: "All named Defendants . . . have a history of violating citizens' constitutional rights, making arrests without probable cause, and charging citizens with criminal offenses that are not support by probable cause, about which the City is, and was at all relevant times, aware and subjecting them to cruel and unusual punishment by Defendant Cuyahoga County and other named County Defendants." SAC ¶ 139. Additionally, "Defendant City of Cleveland and Defendant Cuyahoga County failed to adequately and correctly train and/or supervise all employees," id. ¶ 140; "Defendant City of Cleveland and Cuyahoga County ratified all named Defendants' conduct," id. ¶ 141; "the City of Cleveland implemented customs and policies for training and supervision of Defendant Horvat and other N.I.C.E. unit police officers on lawful arrests and criminal prosecution/pursuing criminal charges supported by probable cause that, on their face, violate the Fourth and Fourteenth Amendment," id. ¶ 142.

As the City correctly notes, conclusory allegations made "upon information and belief" absent any factual support are insufficient to state a *Monell* claim. *See, e.g., Melendez v. Port Auth. of New Jersey & New York*, No. 16-8362 (MAS) (TJB), 2019 WL 3068242, at *3 (Jul. 11, 2019); *Lanton v. City of Chicago*, No. 16 C 2351, 2017 WL 569155, at *4-5 (N.D. Ill. Feb. 13, 2017); *Fleming v. City of New York*, No. 18 CIV. 4866 (GBD), 2019 WL 4392522, at *8 (S.D.N.Y. Aug. 27, 2019). As compared to Sampson's *Monell* allegations against the County, which *survived* a

5

motion to dismiss,[2] the allegations against the City amount to nothing more than a recitation of the elements of a *Monell* claim. Accordingly, Count IV is dismissed.

### C. Count XI

In Count XI, Sampson asserts a *Monell* claim against the City based on "unreasonable searches and seizures, false arrest malicious prosecution by police officers, including Lorinzo Sampson." SAC ¶ 191. He further asserts, "Within the Cleveland Police Department there has existed a clear and persistent pattern of police officers using unlawful racial profiling of blacks." Id. ¶ 196. In support of the above, he cites officers' "code of silence," "watch your back mentality and peer pressure that exhorts colleagues to protect one another if accused by citizens of wrongdoing." Id. ¶ 194. He attributes officer misconduct to the City's failure to adequately train and supervise officers, and the failure to investigate citizens' claims of officer misconduct– making their unlawful conduct a foreseeable consequence of years of mismanagement and supervision. Id. ¶¶ 191-202. Terms such as "watch your back" and "code of silence," while popular in the vernacular, are insufficiently detailed to state a *Monell* claim against the City. These are merely conclusory allegations without supporting facts which, as noted above, are insufficient to state a *Monell* claim.

Consequently, Count XI is also dismissed.

### V. Conclusion

For the above reasons, the City's Motion, **Doc #: 32** is **GRANTED** and all *Monell* claims against the City are hereby **DISMISSED.**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster December 9, 2020*
**Dan Aaron Polster**
**United States District Judge**

---

[2]See Doc #: 17 at 16-27.