IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LORINZO SAMPSON, | ) Case No. 1:20-cv-0741 |
| Plaintiff, | ) |
| v. | ) JUDGE DAN AARON POLSTER |
| CITY OF CLEVELAND, et al., | ) **OPINION AND ORDER** |
| Defendants. | ) |

**I.     Introduction**

Plaintiff Lorinzo Sampson alleges he incurred debilitating mental and physical damages after being wrongly detained, insulted, beaten and denied medical attention by various police officers on December 22, 2018. The problem with his claims is that they are not supported by the video evidence and he has failed to name the correct defendants. As further explained in this order, the court GRANTS the motions for summary judgment filed by Defendants Christopher Little, Brandon Smith, Barry Hickerson and Cuyahoga County. ECF Doc. 53. The Court hereby DISMISSES Sampson's claims against Timothy Dugan and Nicholas Evans pursuant to Fed. R. Civ. P. 4(m).[1] The Court also DENIES, as moot, Sampson's motion to equitably toll the statute of limitation. ECF Doc. 27.

---

[1] As a result, Defendant Evans' motion for summary judgment is also denied, as moot. ECF Doc. 54.

## II. Procedural History

On March 16, 2020, Sampson filed a complaint in the Cuyahoga County Court of Common Pleas against the City of Cleveland, Donald Horvat, Cuyahoga County, Nicholas Evans, Christopher Little, Brandon Smith, Timothy Dugan, Barry Dickerson and John Doe defendants. Cuyahoga County removed the case to federal court on April 6, 2020. The following defendants answered or moved to dismiss Sampson's complaint:

1. Answer by the City of Cleveland on May 8, 2020 (ECF Doc. 8);
2. Motion to Dismiss by Horvat (ECF Doc. 9); and
3. Motion to dismiss by Cuyahoga County, Hickerson, Little and Smith (ECF Doc. 10).

On August 20, 2020, the Court granted, in part, and denied, in part, defendants' motion to dismiss. ECF Doc. 17. The Court denied Horvat's motion to dismiss. The Court denied the motion to dismiss Sampson's § 1983 actions for excessive force and deliberate indifference against Hickerson, Little and Smith and permitted Sampson to file an amended complaint. The Court denied defendants' motion to dismiss Sampson's excessive force *Monell* claim and his deliberate indifference *Monell* claim; but granted the motion to dismiss on Sampson's substantive due process claim, his procedural due process claim, his §1983 retaliation claim, his customs and polices *Monell* claim and his request for injunctive relief against Cuyahoga County. The Court held in abeyance Sampson's state law claims. ECF Doc. 17.

On September 8, 2020, Sampson filed a first amended complaint. ECF Doc. 20. He filed a second amended complaint, *instanter,* on November 11, 2020. ECF Doc. 39. His second amended complaint asserted the following claims against the same defendants: Count I —False Arrest/Imprisonment; Count II —§1983 False Arrest/Imprisonment; Count III —§1983 Malicious Prosecution; Count IV —§1983 Customs and Polices Causing Constitutional

Violations and Ratification; Count V —Intentional Tort —Battery; Count VI —Fourteenth Amendment Violation under § 1983 for a Custom, Policy, Pattern or Practice of Tolerating the use of Excessive Force against Cuyahoga County; Count VII —Fourteenth Amendment Violation under §1983 for Deliberate Indifference /Failure to Train and Supervise Corrections Officers against Cuyahoga County; Count VIII —First and Fourteenth Amendment Retaliation under § 1983 against Cuyahoga County; Count IX —Fourteenth Amendment Substantive Due Process under § 1983 against Cuyahoga County; Count X —Fourteenth Amendment Procedural Due Process Violation under § 1983 against Cuyahoga County; Count XI —§1983 *Monell* claim for City Custom and Practice of Inadequate Supervision, Investigation and Training against John Does, Defendant Horvat and City of Cleveland; and Claim XII —Civil Liability for Criminal Acts under Ohio Rev. Code § 2307.60(A).

On December 9, 2020, the Court granted the City of Cleveland's motion for judgment on the pleadings, dismissing Cleveland as a defendant in the case.  ECF Doc. 48.  On February 5, 2021, Sampson voluntarily dismissed his claims against Officer Horvat.  ECF Doc. 51.  Defendants Little, Smith, Hickerson and Cuyahoga County filed a motion for summary judgment, (ECF Doc. 53) as did Defendant Evans.  ECF Doc. 54.  Sampson filed a brief in opposition, (ECF Doc. 56) and defendants filed reply briefs.  ECF Doc. 61, ECF Doc. 63.

### III.  Statement of Facts

Sampson alleges he was standing in his uncle's driveway when he was approached by Donald Horvat, a plain clothes Cleveland Police Officer with the Neighborhood Impact and Community Engagement team ("N.I.C.E.").  Because Sampson's claims against the City of Cleveland and Horvat have been dismissed, the details of his interaction with Officer Horvat are no longer of significance to the case.  However, Horvat's interaction resulted in an intoxicated

(or seemingly intoxicated) Sampson being driven to the Cuyahoga County jail where he encountered other County officers.

Sampson alleges that when he arrived at the County jail a restraint chair had been prepared in advance for him and fourteen or more officers were lined up waiting for him to enter. ECF Doc. 56-1 at 3. When he entered the sally port, Sampson began arguing with the deputy sheriffs. In video, Sampson appears to be drunk and confused. He alleges he was hot and started to take off his jacket. ECF Doc. 56-1 at 4. But to the officers, it appeared he was taking a fighting stance. Several of the officers pepper-sprayed Sampson in the face and subdued him to the ground. The submitted video does not show what happened while Sampson was on the ground. However, Sampson has asserted the following:

> 34. I did not know any of the individual names of the jail guards that were involved, I got sprayed in the face with pepper mace 3 times at point blank range.
>
> 35. Through news media accounts of supported by videos of the jail guards' assaults on other detainees, I was able to identify the jail guards that assaulted me and give their role involvement.
>
> 36. Dugan hit me in the mouth with a can breaking my tooth and Little pepper sprayed me at point blank range.
>
> 37. Hickerson and Smith grabbed me and slammed me to the concrete floor and beat me really bad punching me in the face, stomping me, and kicking me.
>
> 38. Smith had their [sic] weight on me smashing me to the concrete floor put me in a chokehold and I could not breath. [sic]
>
> 39. I was not resisting in anyway by taking off my jacket this is when I first got sprayed by Dugan, Hickerson, and Smith three different jailers, an unidentified Cleveland police officer also sprayed me and swung his can at me at the same time.
>
> 40. Evans was standing on my hands, fingers, legs and back.
>
> * * *

45. The physical pain and agony started all over again when Hickerson and Smith placed me in a restraint chair.

46. While I was in the restraining chair Smith grabbed my wrists and twisted my arms in order to unlock the handcuffs.

ECF Doc. 56-1 at 4-5.

In contrast, Defendants Little, Smith and Hickerson have submitted declarations stating they were not even there. Little Affidavit, ECF Doc. 53-2; Smith Affidavit, ECF Doc. 53-3; Hickerson Affidavit, ECF Doc. 53-4. Defendant Evans has submitted an affidavit stating he was there, but applied only a reasonable amount of force when placing his "right foot on the back of [Sampson's] left leg" during Sampson's altercation with police officers. Evans Affidavit, ECF Doc. 54-2. And Evans (the only defendant who was admittedly there) has not been properly served with Sampson's complaint. The body camera videos and surveillance video produced by the County generally confirm defendants' statements.[2]

IV. **Standard of Review**

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986). As a result, "'[c]onclusory and unsupported allegations, rooted in speculation are insufficient to create a genuine dispute of material fact for trial." *Gunn v. Senior Servs of N. Ky.*, 632 F. App'x 839, 847 (6th Cir. 2015), citing *Bell v. Ohio St. Univ.*, 351 F.3d 240, 253 (6th Cir. 2003); see also Fed. R.

---

[2] As already noted, there are portions of the Sampson altercation that are not visible on the videos. And the videos do not show the amount of pressure Defendant Evans applied to Sampson's leg.

Civ. P. 56 (e)(2).  As the Supreme Court has explained, "[the non-moving party] must do more than simply show that there is metaphysical doubt as to the material facts." *Matsushita Elec., Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585 –86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248.  "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

In determining whether genuine issues of material fact exist, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson,* 477 U.S. at 255.  In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of any genuine issue of material fact." *Celotex v. Catrett,* 477 U.S. 317, 323 –24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); see also Fed. R. Civ. P. 56(c), (e).  However, when the moving party has met this initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with specific facts showing a genuine dispute of material fact for trial.  Fed R. Civ. P. 56(c), (e).  And unsupported, self-serving affidavits are insufficient to create an issue of fact sufficient to survive summary judgment.  *Brooks v. American Broadcasting Companies*, 999 F.2d 167, 172 (6th Cir. 1993); *Wolfe v. Vill. of Brice, Ohio*, 37 F.Supp.2d 1021, 1026 (S.D. Ohio 1999).

**V.     Law & Analysis**

Sampson has attempted to assert a number of § 1983 claims and related state law claims against individual officers and their county employer.  Normally, at the summary judgment stage, the Court's review of the Rule 56 materials would begin with a determination of genuine disputes of material fact on each of the fundamental elements of Sampson's § 1983 claims: (1) a

6

right secured by the Constitution or a federal statute has been violated; and (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Flanory v. Bonn,* 604 F.3d 249, 253 (6th Cir. 2010). But here, Sampson has failed to successfully bring his claims against any of the people who were involved in the alleged violation of his rights. The Court has afforded ample time and opportunity for Sampson to discover the proper defendants and to amend his claims. *See, e.g.* ECF Doc. 41. Despite this, Sampson's case remains at square one, and the served defendants are entitled to summary judgment.

Defendants Little, Smith and Hickerson have submitted declarations stating that they were not even involved in Sampson's altercation with the police. Little Affidavit, ECF Doc. 53-2; Smith Affidavit, ECF Doc. 53-3; Hickerson Affidavit, ECF Doc. 53-4. Sampson's opposition claims otherwise. He asserts that all three pepper sprayed him; Hickerson and Smith grabbed him, slammed him to the ground and beat him; and Smith smashed him to the ground and put him in a chokehold. ECF Doc. 56-1 at 39-40. But Sampson's affidavit also states that he did not see any of these individuals in the submitted videos. Sampson Affidavit, ¶ 27, ECF Doc. 56-1 at 39. He asserts that he was only able to identify them by news media accounts of the jail guards' assaults on others. *Id.,* ¶ 35, ECF Doc. 56-1 at 40.

Sampson's affidavit contradicts itself. He acknowledges that the named defendants are not in the videos submitted to the Court[3], but he still claims they were the ones who pepper-sprayed him and restrained him. This defies logic. How can there be a video of different officers interacting with Sampson while he still claims that the named defendants were the actual offenders? Conversely, the officers have reviewed time punches showing that they were not

---

[3] Also contradictory are Sampson's responses to discovery in which he states that the "video" supports his allegations. *See* ECF Doc. 61-2 and ECF Doc. 61-3.

working and have submitted affidavits establishing that they are not in the videos. They deny any involvement with this case. Unfortunately, Sampson's unsupported, self-serving affidavit is not credible and does not establish a genuine dispute of material fact against Little, Hickerson or Smith. They are entitled to summary judgment on his claims.

Sampson has also named Cuyahoga County as a defendant in this case. Cuyahoga County could be held liable for the constitutional violations predicated on the conduct of its employees under 42 U.S.C. § 1983 if those actions are the result of a practice, policy or custom of the municipality itself. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Such a claim is commonly called a *Monell* claim. To bring a *Monell* claim, however, there must be an underlying constitutional violation by one of the county employees. *Watkins v. City of Battle Creek,* 273 F.3d 682 (6th Cir. 2001). In theory, Sampson may have been able to assert a §1983 claim against some of Cuyahoga County's employees, but he has failed to identify and serve the correct officers. Without naming the individual officers, he has failed to establish that there are genuine disputes of material fact of an underlying constitutional violation. Because his *Monell* claim cannot proceed against the County without first establishing that its employees violated his rights, Cuyahoga County is also entitled to summary judgment in this case.

Finally, regarding Dugan and Evans, the clerk's office docket reflects that they have not been properly served. Sampson's affidavit claims otherwise. He "certifies" that they were given the correct service and return of service of Complaint "as affirmed by Exhibit 1 and Exhibit 2 attached hereto." But Exhibits 1 and 2 are barely legible certified mail post cards showing that "an item" was delivered to the CC Mail Room on April 6, 2020. These are insufficient to establish that Dugan and Evans were properly served, as is Sampson's correlating affidavit.

8

Dugan and Evans were not even working for Cuyahoga County when Sampson sent the complaint to the CC mail room. And the Notice of Removal (ECF Doc. 1 at 2) advised Sampson and his counsel of this fact. Moreover, Evans has submitted correspondence from his counsel further alerting Sampson's attorney of the lack of service on Evans. ECF Doc. 63-1. Sampson has not shown he perfected service on Dugan or Evans pursuant to Fed. R. Civ. P. 4(e) or Ohio's applicable service rules. For this reason, Sampson's attempted claims against Dugan and Evans must be dismissed, without prejudice, for failure to perfect service within the time allotted by Fed. R. Civ. P. 4(m).

### VI. Conclusion

Because Sampson has not named or properly served the officers who allegedly violated his constitutional rights, Defendants Little, Smith, Hickerson and Cuyahoga County are entitled to summary judgment on Sampson's claims. Because he has not properly served Defendants Dugan or Evans within 90 days of filing his complaint, Sampson's claims against Dugan and Evans are hereby dismissed, without prejudice, pursuant to Fed. R. Civ. P. 4(m). Sampson's motion to equitably toll the statute of limitations (ECF Doc. 27) is DENIED, as moot.

IT IS SO ORDERED.

Dated: May 14, 2021

*s/Dan Aaron Polster*
United States District Judge